**Ramon RUANO–SANDOVAL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71698.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed Feb. 28, 2011.

Ramon Ruano–Sandoval, Montclair, CA, pro se.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marion E. Guyton, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Ramon Ruano–Sandoval, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Castillo–Cruz v. Holder,* 581 F.3d 1154, 1158–59 (9th Cir. 2009), and we deny the petition for review.

The agency properly determined that Ruano–Sandoval is removable as an alien convicted of a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i) based on his 1997 conviction for violating California Penal Code § 273.5(a). *See Banuelos–Ayon v. Holder,* 611 F.3d 1080, 1086 (9th Cir.2010); *see also Cisneros–Perez v. Gonzales,* 465 F.3d 386, 390 (9th Cir.2006) (petty offense exception does not apply to crimes of domestic violence).

Because Ruano–Sandoval's 1986 conviction for possession of marijuana for sale in violation of California Health & Safety Code § 11359 constitutes an aggravated

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

felony as defined in 8 U.S.C. § 1101(a)(43)(B), *see Rendon v. Mukasey,* 520 F.3d 967, 975–76 (9th Cir.2008), the agency did not err in concluding that he was statutorily ineligible for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act. *See Becker v. Gonzales,* 473 F.3d 1000, 1004 (9th Cir.2007); *Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1054–55 (9th Cir. 2005)

As these two convictions render Ruano–Sandoval removable and ineligible for relief, we do not reach his remaining contentions.

**PETITION FOR REVIEW DENIED.**